# Mary A. Kelly v. P. L. Skaggs, Jr.

1. Words and Phrases—*Construction of the Term "Four Months" as Used in Section 60 (b) of the Bankrupt Act.*—Section 60 (b) of the bankrupt act provides that if the bankrupt shall have given a preference within four months before the filing of his petition such preference shall be voidable; and in order to ascertain whether such preference is within the prohibited time we must start from the date on which the petition was filed and count backward toward date of the preference, excluding the day on which the petition was filed.

Replevin.—Appeal from the Circuit Court of Saline County; the Hon. Prince A. Pearce, Judge, presiding. Heard in this court at the February term, 1900. Affirmed. Opinion filed September 8, 1900.

C. S. Conger and Parish & Parish, attorneys for appellant.

Choisser, Whitley & Choisser, attorneys for appellee.

Mr. Justice Creighton delivered the opinion of the court.

This was an action of replevin commenced before a justice of the peace, by appellant against appellee, to recover certain articles of personal property, then in possession of appellee, as constable, by virtue of an execution duly issued against the goods and chattels of one Arthur I. Kelly. Trial was had before the justice and the case was appealed to the Circuit Court.

The execution by virtue of which appellee had levied upon and seized the property in question was issued May 11, 1898, and came to the hands of appellee on the same day, at the hour of eight o'clock A. M. On the 12th day of September, 1898, at 9:30 o'clock A. M., defendant in said execution filed in the United States District Court his petition to be adjudged a bankrupt.

When this case came on for hearing, at the December term, 1899, of the Circuit Court, counsel for appellant and appellee entered into the following written stipulation:

"M. A. KELLY ⎫
    vs.     ⎬ ss.
P. L. SKAGGS, JR. ⎭

It is agreed by the parties to this suit that if the court finds that the execution against A. I. Kelly became a lien within four months of the date of filing of his petition in bankruptcy, the court shall find the issues for the plaintiff; but if the court finds that the execution became a lien not within four months from the filing of the said petition in bankruptcy, but before that time, then the court shall find for the defendant, and enter judgment accordingly."

This agreement was duly signed by the attorneys for both parties. Under this agreement the case was submitted to the court for trial, a jury having been waived. The court, under this stipulation, and the foregoing facts, found for the defendant.

We take it that the words "four months" used in the above stipulation, should be given the same meaning as should be applied to the words "four months" in the bankruptcy act, and that these mean calendar months, as they occur during that period of the year covered by the time in question.

Sec. 60 (a) of the bankruptcy act provides:

"A person shall be deemed to have given a preference if, being insolvent, he has procured or suffered a judgment to be entered against himself in favor of any person."

Sec. 60 (b) provides:

"If a bankrupt shall have given a preference within four months before the filing of a petition * * * it shall be voidable."

It will be observed that the language here is "within four months before the filing of the petition."

To ascertain whether the preference is within the prohibited time, we must start to count from the date on which the petition was filed, and count backward toward the date of the preference, excluding the day on which the petition was filed. The petition in this case was filed on September 12th. Applying this method, which we think the correct one, we begin with the day September 11th; counting back,

we find that four full months are completed with the day May 12th, and that no part of the day May 11th is within four months of the day September 12th.

We are of opinion that Sec. 31 (a) of the act has no application to the facts of this case. In this case time is not enumerated "by days" but by months, and Sec. 31 (a) applies only where time is enumerated "by days."

We are satisfied with the conclusion reached by the Circuit Court. The judgment of the Circuit Court is affirmed.